UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

UNITED HEALTHCARE INSURANCE
COMPANY,

    Plaintiff,

v.                                         CASE NO: 8:07-cv-1061-T-26EAJ

ZENITH INSURANCE COMPANY,
FLORIDA INSTITUTE FOR NEUROLOGIC
REHABILITATION, INC., and
JOY B. FOWLER, as Plenary Guardian of the
Person and Property of Gene C. Fowler, Jr.,

    Defendants.
_____/

**O R D E R**

Before the Court are motions to dismiss Plaintiff's amended complaint filed by Defendants Zenith Insurance Company (Zenith) and Joy B. Fowler (Fowler) and Plaintiff United Healthcare Insurance Company's (United) responses.[1] Defendant Florida Institute for Neurologic Rehabilitation, Inc. (FINR), has answered the complaint and filed a cross-claim against Zenith and Fowler to which Fowler has responded by filing a motion to dismiss.[2]

---

[1] See dockets 23, 25, 28, 30, and 31.

[2] See dockets 27 and 32.

United's amended complaint is founded on diversity jurisdiction and arises out of a dispute involving liability for repayment of monies paid by United to FINR for care afforded to Fowler's husband before the entry of a compensation order by a Florida workers' compensation judge directing Zenith to pay for all past medical care and treatment rendered to Fowler's husband. United has framed the issue as one of simplicity: "who should be liable for repaying United $144,947.16 that it paid to Defendant Florida Institute for Neurologic Rehabilitation, Inc. ("FINR"), for Gene C. Fowler, Jr.'s ("Fowler") care and treatment: FINR, Zenith or Fowler." United seeks a declaratory judgment in count one as to all Defendants. In counts two and three, United claims damages from Zenith based on theories of unjust enrichment and equitable subrogation. In count four, United requests damages from FINR based on unjust enrichment.

Despite United's characterization of this lawsuit as a simple one, Zenith and Fowler responded by filing extensive motions to dismiss in which they questioned the very jurisdiction of this Court, as well as the ability of United to state a claim for relief within the framework of Rule 12(b)(6) of the Federal Rules of Civil Procedure. Zenith even went so far as to advance the argument that this Court should exercise its discretion under the Burford abstention doctrine[3] and abstain from resolving this case because to act otherwise would interfere with the order of the workers' compensation judge.

---

[3]  See Burford v. Sun Oil Co., 319 U.S. 315 (1943).

After careful review and consideration of all the parties' submissions, the Court is of the opinion that the motions should be denied for a very simple reason. Under Florida law,[4] an employer/insurance carrier, such as Zenith, is obligated within the context of the workers' compensation system to pay for the treatment and care of an injured claimant, such as Fowler's husband, and any collateral disputes as to reimbursement of outside entities, such as United, not before the workers' compensation tribunal are to be settled among the parties themselves. See Nova Southeastern Univ. v. Majnerich, 953 So.2d 715, 716 (Fla. Dist. Ct. App. 2007) (and cases cited). United's amended complaint presents a fact pattern entirely consistent with this legal principle and is, therefore, sufficient to withstand the motions to dismiss because it includes "enough facts to state a claim for relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S.Ct. 1955, 1974 (2007).

Having made that determination, the Court of necessity must also deny Fowler's motion to dismiss FINR's cross-claim because this Court clearly has supplemental jurisdiction pursuant to 28 U.S.C. § 1367(a).[5]  That is, FINR's claim is sufficiently related to the claims of United which form the basis of this Court's original jurisdiction

---

[4] Because this Court's jurisdiction is based on diversity, the Court is obligated to apply the substantive law of Florida. See Technical Coating Applicators, Inc. v. United States Fid. and Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998).

[5] Given this conclusion, the Court needs no response from FINR.

such "that they form part of the same case or controversy under Article III of the United States Constitution."

Accordingly, it is ordered and adjudged as follows:

1) The Motions to Dismiss (Dkts. 25, 28, and 32) are denied.

2) Zenith and Fowler shall file their answer and defenses to United's amended complaint within 10 days.

2) Fowler shall file her answer and defenses to FINR's cross-claim within 10 days.

**DONE AND ORDERED** at Tampa, Florida, on October 2, 2007.

s/*Richard A. Lazzara*
**RICHARD A. LAZZARA**
**UNITED STATES DISTRICT JUDGE**

**COPIES FURNISHED TO**:
Counsel of Record